WILLIAM T. SHUFELDT *v.* GEORGE W. GUSTIN and another.

Where a landlord leased to his tenant, under seal, certain premises, for a longer term than a year—the defendants becoming sureties for the rent—and the tenant afterwards, by a parol agreement, exchanged with the landlord a part of the demised premises; *held,* that this was not an alteration of the original lease discharging the sureties from their liability.

APPEAL by the plaintiff from a judgment in favor of the defendants, given in the Marine Court. The opinion shows the facts.

*Geo. A. Shufeldt, Jr.,* for the appellant.

*Isaac Van Winkle,* for the respondents.

BY THE COURT. INGRAHAM, FIRST J.—The defendants are sued as sureties for rent of premises 104 Murray-street, leased to one Dorman. After the renting to him, the plaintiff agreed to rent part of the same premises to one *Ellsworth,* and the premises originally rented to Dorman were only partially occupied by him. Dorman denied that he ever made any change in the agreement, while another witness, Salisbury, says that Dorman told the plaintiff that he was willing to accommodate in regard to the premises, and was willing to take others.

There was no eviction, because the tenant, Dorman, never had obtained possession, and agreed before the time of taking possession to take other premises. By the return it appears that the defence of eviction was abandoned. The only defence, then, on which this judgment for the defendants can be sustained, is an alteration of the contract, so as to discharge the sureties. There evidently was no rescinding of the lease, for the tenant took possession of and occupied the greater part of the premises, substituting another portion of the store

for the part which had been rented to Ellsworth. But the original contract remained in full force, with the exception of a verbal agreement between the plaintiff and Dorman to exchange part of the premises. This was no alteration of the original contract. That remained in full force; and being under seal and for a longer period than a year, could not be altered by a parol agreement. The parol agreement for an exchange would not be binding for a longer period than a year, and can only be considered as an exchange of premises after the making of the original contract, but not an alteration of that contract.

There may be a defence to this claim against the sureties, arising out of the original violation of the contract on the part of the landlord, but as that was abandoned on the trial, and the evidence solely adduced in reference to an exchange of premises after the contract was made, we do not feel at liberty to sustain the judgment on that ground.

At present we only decide that there was no such alteration of the original contract as is contended for by the defendants, and that the court below erred in that respect, leaving to the defendants, on a subsequent trial, if the plaintiff sees fit to bring a new action, to raise such other objections to the liability of the sureties as they may be advised.

Judgment reversed.